OPINION OF THE COURT
Francis D. Ricigliano, J.
Must a court, having repeatedly adjourned at the defendant’s request a sex offender’s sentencing and Sex Offender Registration Act (SORA) hearing, now agree to sentence the defendant, *778 release the defendant unsupervised, and conduct the SORA hearing at a date after the defendant’s release — where (1) that defendant is a prior felony sex offender who (2) has in the past been convicted of failure to register as a sexual offender, and (3) violated probation, and where in addition the defendant’s counsel possessed, for a substantial time prior to the hearing, the discovery relied upon by the Board of Examiners in recommending a risk level to be assigned to the defendant?
For reasons set forth below, the court denied defendant’s request and, after a hearing, classified the defendant a risk level three and a sexually violent offender.
Decision After Proceeding
Before this court is a proceeding to determine the classification and level of notification, pursuant to Correction Law article 6-C (Correction Law § 168 et seq.), to be imposed under the SORA. The defendant, Victor Johnson, was convicted of the class A misdemeanor of sexual abuse in the second degree, a violation of section 130.60 (2) of the Penal Law. Prior to the commencement of the hearing, the Board of Examiners submitted to the court a risk assessment instrument which recommended a risk level three (high), based upon the defendant’s prior conviction of a felony sex abuse crime in Maryland. This written decision supplements the oral decision previously rendered wherein the court assigned a level three risk designation and designated the defendant as a sexually violent offender.
Findings of Fact
On July 21, 2003, the defendant, represented by counsel, pleaded guilty to the crime of sexual abuse in the second degree. As part of this plea, the court provided the defendant with a sentencing commitment of 10 months incarceration. Pursuant to Criminal Procedure Law § 390.20 (2) (b), sentencing was adjourned until August 28, 2003 for the purpose of a presentence report to be prepared by the Department of Probation. The presentence report was prepared on August 28, 2003 and was available to defense counsel, but at the request of defense counsel, sentencing was adjourned until September 15, 2003, then until September 26, 2003, again until October 10, 2003, and again until October 24, 2003.
The presentence report referenced the defendant’s prior conviction of a third degree sexual offense in Prince County, Maryland. It also noted that, following that conviction the de *779 fendant failed to register as a sexual offender as required, and also violated probation.
On October 24, 2003, defense counsel again requested that sentence be adjourned and for a hearing to determine the risk level to be assigned by the court. Sentencing as well as a hearing date was set for October 30, 2003, at which time defense counsel requested yet another adjournment of sentencing and hearing until November 5, 2003.
At the court’s request, on November 3, 2003, the Board forwarded the risk assessment instrument to the court. On November 5, 2003, the court provided a copy of the risk assessment instrument to both counsel. Counsel for the defendant then requested that the court abide by its 10-month commitment and sentence the defendant, but adjourn the hearing until some time after the defendant’s release. Counsel based its argument on Correction Law § 168-n (2), which provides that determinations by the sentencing court shall be made “thirty calendar days prior to . . . release” and on Correction Law § 168-n (3), which provides defense counsel with 20 days notice of the determination proceeding and a copy of the Board’s recommendations. Counsel for the defendant indicated that additional time was needed for “discovery.”
The court denied defense counsel’s request. The SORA contemplates the Board’s risk level recommendation being made to the “sentencing court” within 60 days prior to the defendant’s release (Correction Law § 168-Z [6]). That “sentencing court” is then to determine the classification within 30 days prior to discharge (Correction Law § 168-n [2]) and provide counsel with 20 days notice of the determination proceeding (Correction Law § 168-n [3]). Here, due to the defendant’s repeated adjournments of sentencing, this court would not become the “sentencing court” until November 5, 2003, the day before the defendant’s 10-month commitment was set to expire and the defendant would be released. Thus, at defendant’s own request, the Board and this court were unable to adhere to the time frames set forth in the Correction Law.
Nor did the court deem it warranted to adjourn the hearing until after the defendant’s unsupervised release. Here, the Board recommended a risk level three solely upon the presence of a prior felony conviction for a sexual offense in Maryland, a conviction specifically referenced in the presentence report. Defense counsel had access to the presentence report since at least August 28, 2003 (over 75 days prior to sentence), and *780 defense counsel itself requested a hearing as early as October 24, 2003 (13 days prior to the actual sentencing and SORA hearing). Since defense counsel already possessed the discovery relied upon by the Board in making its assessment, there was no legitimate need, or right, to additional discovery. (Doe v Pataki, 3 F Supp 2d 456 [SD NY 1998].)
Finally, the presentence report specifically references the defendant’s past failure to register as a sexual offender in connection with a prior sexual offense, as well as his violation of probation for that sex crime. Under all these circumstances, adjourning the hearing until after the defendant’s unsupervised release without his registering as a sex offender would have resulted in an unwarranted risk to the public.
The court nevertheless granted defendant one more adjournment, until November 6, 2003, to provide defense counsel with an opportunity to review a certified copy of the Maryland court’s file concerning the defendant’s prior conviction for a sexual offense.
Conclusions of Law
The Board’s risk assessment instrument recommended a level three designation on the basis of a prior Maryland conviction for a third degree sexual offense.
At the hearing, the people submitted a certified copy of the Maryland court’s file setting forth the prior sexual offense conviction. The court also took notice of a copy of the Maryland statute reflecting that the prior conviction is a felony with a maximum jail sentence of 10 years. The court finds that the certified copy of the Maryland file concerning the defendant’s prior conviction establishes by clear and convincing evidence the existence of the conviction. Independently, the court finds that the presentence report, which specifically references that prior conviction, is reliable heresay for purposes of the hearing. (People v Victor R., 186 Misc 2d 28 [2000].) Thus, the court finds that through the Maryland conviction documents and the information contained in the presentence report, the People have satisfied their burden that the defendant is a prior felony sex offender by clear and convincing evidence, and the court concurs with the Board’s recommendation that a level three designation is warranted. It has not been established by clear and convincing evidence that there exists a mitigating factor of any kind, or to a degree, not otherwise adequately taken into account by the guidelines which would constitute special cir *781 cumstances warranting a downward departure from this risk level. (People v Salaam, 174 Misc 2d 726 [1997].)
The court also determines that the defendant is a sexually violent offender, as determined in Correction Law § 168-a (7) (b), on the basis of two independent grounds. First, that the defendant was convicted of a prior offense (the Maryland felony) for which the defendant was required to register as a sex offender. (Correction Law § 168-a [3] [b].) Second, that the defendant was convicted of an offense in another jurisdiction (the Maryland felony) which includes all the essential elements of Penal Law § 130.65. (Correction Law § 168-a [3] [a], [b].)